IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Margaux Ann Laibe | ) | Civil Action No._____ |
| | ) | |
| Versus | ) | Magistrate Judge:_____ |
| | ) | |
| Sardonic Sentiments, Inc. & | ) | |
| Desiree Ontiveros | ) | District Judge:_____ |

## COLLECTIVE ACTION COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff, Margaux Ann Laibe, through her attorney, Ryan E. Beasley, Sr., files this Collective Action Complaint against defendant, Sardonic Sentiments, Inc.

## NATURE OF THE ACTION

1. This is an action by Margaux Ann Laibe on behalf of herself and all others similarly situated (the "Plaintiff Class") to recover unpaid overtime wages. Plaintiff was employed as an hourly assistant by Defendant. While working for the Defendant, Plaintiff was not paid one-and-a-half times her regular hourly rate for all hours worked in excess of forty hours a workweek, in violation of the Fair Labor Standards Act (FLSA"), 29 U.S.C. § 207.

2. Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated employees who worked for Defendants during the past three years. 29 U.S.C. § 216(b). Plaintiff also brings this action to obtain declaratory and injunctive relief. Id.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

**VENUE**

4. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district. See 28 U.S.C. § 1391(b).

**PARTIES**

**Plaintiff**

5. Plaintiff is a resident of Louisiana.

6. Plaintiff was hired by Defendants in approximately May of 2018.

7. Plaintiff worked for defendants in Louisiana. Defendant employed approximately 10 other employees.

8. Plaintiff worked as an administrative assistant. In connection therewith Plaintiff performed secretarial work, including scheduling, marketing, and general secretarial work.

9. At all relevant times, Plaintiff and the members of the proposed Plaintiff Class were "employees" of the Defendants as that term is defined in the FLSA, 29 U.S.C. § 203(e).

**Defendant**

10. Defendant is a corporation organized under the laws of Louisiana with its principal place of business in New Orleans, Louisiana.

11. Defendant is in the business of installing balloon art for conventions and parties.

12. Defendant supervised the day to day work activities of the Plaintiffs.

13. Defendant determined Plaintiffs' work schedule for the employment at issue herein.

14. When the Plaintiff was paid by check, the checks bore the name "Sardonic Sentiments, Inc.".

15. Defendant maintains an employment file for the Plaintiff.

16. Defendant is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and it is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1).

17. Defendant is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Defendant is furthermore engaged in interstate commerce.

### Defendant

18. Defendant, Desiree Ontiveros, is an Owner, President, Operator, and Director of Defendant Sardonic Sentiments, Inc..

19. At all pertinent times herein Defendant Desiree Ontiveros had the authority to hire and fire employees, including the Plaintiff herein.

20. At all pertinent times herein Defendant Desiree Ontiveros maintained executive authority over the jobs employees were provided, including the location, duration and rate-of-pay for those jobs.

### FACTUAL ALLEGATIONS

21. Defendant is in the business of installing artwork for conventions and parties.

22. Defendant paid Plaintiff by check and Venmo.

23. Plaintiff normally worked more than forty (40) hours a week for the Defendant. Defendant required Plaintiff to work six days per week.

24. Defendant never paid Plaintiff one-and-a-half times her hourly rate for all hours worked in excess of forty in a workweek.

25. Defendant willfully violated Plaintiff's rights under the FLSA because Defendant knew or showed reckless disregard for the fact that their compensation practices violated FLSA. Defendant was and is aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work.

### COLLECTIVE ACTION ALLEGATIONS

26. Defendant paid the named Plaintiff, and other similarly situated employees based on an hourly rate for work performed.

27. Defendant treated the named Plaintiff, and other similarly situated employees as exempt from the FLSA's overtime requirements.

28. When the named Plaintiff and other similarly situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

### COUNT I

### Fair Labor Standard At – FLSA Overtime Class

29. Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

30. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA, as a putative collection action on behalf of himself and an "FLSA Overtime Class," consisting of all current and former employees of the Defendants who are or have been employed by Defendants during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and

failed to receive premium pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forth in a workweek.

31. Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiff and other similarly situated employees one-an-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least June 2018 and continuing until the present.

32. As a consequence of Defendant's FLSA violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

Plaintiff asks the court to enter judgment in her favor against Defendant and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(B) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action, 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated FLSA;

d. Enjoining Defendant from violating the FLSA's overtime and minimum wage provisions;

e. Awarding Plaintiff her reasonable attorneys' fees and costs of this action;

  f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

  g. Awarding such other general and equitable relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

| CERTIFICATE OF SERVICE | RESPECTFULLY SUBMITTED: |
|---|---|
| I hereby certify that I have served the foregoing pleading on all parties and/or their counsel of record by sending a copy of the pleading by U.S. Mail, via email, facsimile or first class postage pre-paid, on March 22, 2019. | /s/ Ryan E. Beasley Sr. |
| | Ryan E. Beasley Sr., (Bar No. 28492) |
| | **LAW OFFICE OF RYAN E BEASLEY SR., LLC** |
| | 400 Poydras Street, Suite 900 |
| | New Orleans, LA 70130 |
| /s/ Ryan E. Beasley Sr. | 504.517-4290 |
| Ryan E. Beasley Sr. | 504.814-4291 (fax) |
| | Email: ryan@rbeasleylaw.com |